IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**FREDERICK LEE PITCHFORD**                                          **PLAINTIFF**

v.                              3:08-CV-00097-WRW

**SOUTHLAND RACING CORPORATION,** *et al.*                **DEFENDANTS**

## ORDER

Pending is Defendants' Motion to Dismiss (Doc. No. 2). For the reasons set out below, Defendants' Motion is GRANTED.

**I. BACKGROUND**

Plaintiff filed his *pro se* Complaint on July 6, 2008, alleging race and age discrimination, and retaliation, in violation of Title VII and the ADEA.[1] Plaintiff alleges that in May, 2006, Mr. Daniel Bamrick, an employee of Defendant Southland Racing Corporation ("Southland") told Plaintiff he would be allowed to place some pool tables at Southland Grey Hound Park when the security department moved into its new office.[2] Plaintiff alleges that in late September, 2006, Mr. Bamrick told Plaintiff that Plaintiff "had to wait for the other company to finish installing the new landscape. Plaintiff and Defendant then would do itemized listing showing what tasks to be done by myself."[3] In October, 2006, Mr. Bamrick allegedly assured Plaintiff that Plaintiff "had the job."[4]

---

[1] Doc. No. 1. Plaintiff's Complaint does not specify under which law he is suing Defendants, but in his EEOC Charge, Plaintiff alleges violations of Title VII and the ADEA.

[2] *Id*.

[3] *Id*.

[4] *Id*. It is unclear which job to which Plaintiff is referring.

Mr. Bamrick apparently stopped working for Defendant Southland in February, 2007.[5] Plaintiff tried to contact the new, interim general manager, Mr. Therrin Protze, about "this matter," but Mr. Protze allegedly would not speak with Plaintiff.[6] Plaintiff then wrote two letters to Mr. Geremy Jacobs, the alleged owner of the company, asking to meet with Mr. Protze.[7] In May, 2007, Mr. Troy Keeping was allegedly the new general manager.[8] On October 3, 2007, Plaintiff learned that Defendant Southland contracted with another company for lawn mowing, lawn care, flowerbed care, and other duties.[9]

On March 27, 2008, Plaintiff filed an EEOC charge, alleging discrimination based on race, age, and retaliation.[10] The EEOC issued a right to sue letter on April 3, 2008.[11] The EEOC concluded that there was no employer/employee relationship.[12]

---

[5]*Id.*

[6]*Id.*

[7]Doc. No. 1.

[8]*Id.*

[9]*Id.*

[10]Doc. No. 2. The Charge reads, in relevant part:
On January 5, 2006, I submitted a proposal to supply pool tables to the Respondent. I was not given the contract. In October, 2006, I was told that a job would be contracted out to me. On Oct 3, 2007, the job was awarded to another Contractor. I was not given a reason as to why I was not given the contracts. I believe I have not been awarded the contracts because of my race, black, in violation of the Civil Rights Act of 1964, as amended, and because of my age, 59, in violation of the Age Discrimination in Employment Act. I was believe I was not awarded the contracts because of retaliation.

[11]Doc. No. 2.

[12]*Id.*

Defendants filed their Motion to Dismiss on July 23, 2008.[13]  In their Motion, Defendants ask the Court to dismiss Plaintiff's Complaint for two reasons: (1) Plaintiff was never an employee of Defendant Southland; and (2) no summonses were served.[14]

## II. DISCUSSION

A. No Employer/Employee Relationship

Title VII protects only employees from discrimination in the workplace.[15] The ADEA also protects only employees.[16] Both Acts define "employee,"[17] but do not describe how to determine when an employer-employee relationship exists. Case law sets out multiple factors to consider in determining the existence of an employer-employee relationship, but "[w]ithout compensation, no combination of other factors will suffice to establish the relationship."[18]

In their Motion to Dismiss, Defendants state that Plaintiff was never an employee of Defendant Southland.[19] Defendants further state that Plaintiff never performed any services for which he received payment.[20] There is nothing in the record to support a conclusion that Plaintiff was ever an employee. Thus, Plaintiff's claims under Title VII and the ADEA cannot succeed.

---

[13]*Id.*

[14]*Id.*

[15]See *Wilde v. County of Kandiyohi*, 15 F.3d 103, 104-105 (8th Cir. 1994).

[16]*Palmer v. Ark. Council on Econ. Educ.*, 154 F.3d 892, 895 (8th Cir. 1998).

[17]Title VII and the ADEA define employee as "an individual employed by any employer." 42 U.S.C. § 2000e(f); 29 U.S.C. § 630(f).

[18]*Daggitt v. UFCW, Local 304A*, 245 F.3d 981, 987 (8th Cir. 2001).

[19]Doc. No. 3.

[20]*Id.*

Even if Plaintiff could establish that he was Defendant Southland's employee, Plaintiff did not properly serve Defendants.

B. Failure to Serve Summons

While service may be completed according to the law of the state in which a district court is located,[21] under both the Arkansas and Federal Rules of Civil Procedure, "a summons must be served with a copy of the complaint."[22] When the summons and complaint are not served together, a district court may grant a motion to dismiss based on that ground.[23] A plaintiff may serve a summons and complaint by any form of mail with "a return receipt requested and delivery restricted to the addressee or the agent of the addressee."[24] When a defendant is improperly served, the district court lacks jurisdiction over that defendant.[25]

Defendants state that Plaintiff sent his Complaint to the Southland Park Gaming and Racing facility in West Memphis, Arkansas, by regular U.S. mail.[26] Defendants also state that there was no return receipt attached to the envelope, and that delivery was not restricted to any of the Defendants or an authorized agent for the Defendants.[27] Apparently, the envelope contained only one copy of Plaintiff's Complaint, and no summons were included with the

---

[21]Fed. R. Civ. P. 4(e)(1).

[22]Fed. R. Civ. P. 4(c); Ark. R. Civ. P. 4(d).

[23]See *Varnal v. AARP Hartford Ins., Co.*, No. 93-2166, 1993 U.S. App. Lexis 32684 (8th Cir. Dec. 16, 1993).

[24]Ark. R. Civ. P. 4(d)(8)(A).

[25]See *Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 885-86 (8th Cir. 1996).

[26]Doc. No. 3.

[27]*Id.*

Complaint.[28]    Plaintiff did not serve his Complaint in compliance with the rule governing service by mail, and did not serve summons. Because Defendants were not properly served, this Court does not have jurisdiction over them.

### III. CONCLUSION

Plaintiff cannot succeed on his Title VII and ADEA claims because Plaintiff was never Defendant Southland's employee. This Court does not have jurisdiction over Defendants because Defendants were improperly served. Accordingly, Defendants' Motion is GRANTED and this case is DISMISSED.

IT IS SO ORDERED this 29th day of July, 2008.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[28]*Id*.